## Joseph Sardeson *vs.* Henry G. Menage.

### July 19, 1889.

Mortgage—Redemption—Payment by Check.—A redemption of lands from a mortgage foreclosure, made through the bank check of a responsible party drawn upon a solvent bank, and accepted by the sheriff as money, is not invalid for that reason, if the money is promptly realized thereon, and ready for the proper party when required, and within the redemption period.

Same — Redemption by Owner — Production of Copies of Papers. — When the redemption is made by the mortgagor or owner, it is not necessary to produce and file certified copies of the documents showing his title and right to redeem. The production of the original records to the officer is sufficient in such case.

Action to determine defendant's adverse claim to vacant land, brought in the district court for Hennepin county and tried by *Hicks, J.,* upon whose findings and order judgment was entered for defendant, from which the plaintiff appeals.

*Jackson, Atwater & Hill,* for appellant.

*Kitchel, Cohen & Shaw,* for respondent.

VANDERBURGH, J. Plaintiff is the assignee and holder of a sheriff's certificate of sale upon mortgage foreclosure. The mortgaged premises were duly sold under a power of sale to the assignor of

plaintiff, on the 11th day of December, 1886. The defendant is the holder of a subsequent mortgage upon the same premises, and claims that the premises were duly redeemed from the foreclosure sale referred to by the mortgagor or his grantee, and the sale thereby annulled. The validity of this redemption is called in question by the plaintiff. If the redemption was valid and effectual, plaintiff's title or interest in the premises is extinguished, and defendant has a first mortgage lien; while, on the other hand, if the redemption proceedings were defective and legally insufficient, plaintiff's title has become absolute, and defendant's right of redemption is gone, and his mortgage cut off. The redemption was made on the 5th day of August, 1887, by the mortgagor in the name of his grantee, by the consent of the latter, and pursuant to a mutual arrangement between them, and their right to redeem at that time is not questioned.

1. The sheriff of Hennepin county on that day accepted, in payment of the amount then due for the redemption of the premises, a bank check therefor, treating it as payment in money, and deposited the same in bank as such, and it was paid in due course within three days thereafter, and the plaintiff was duly notified of the redemption on the day it was made. This took place four months before the expiration of the year allowed for redemption. The plaintiff has never accepted the redemption money, and the same is still in the sheriff's hands, subject to his order.

The first and chief objection to the validity of the redemption is the acceptance by the sheriff of the bank check in lieu of the amount of money called for by it. We think, upon the facts found in this case, the transaction was equivalent to the receipt of a payment in money by the sheriff. He was doubtless satisfied that the check was made by a responsible party, upon a solvent bank, from which the money could be drawn immediately. The transaction was in conformity with the ordinary business usages of the country. The parties (redemptioner and sheriff) preferred to leave the money in bank rather than to have it actually delivered and again deposited. It was the same to the sheriff whether he deposited the cash, or the check as cash, and the plaintiff could hardly complain, since the money was always ready for him. It would subject the public to

vast inconvenience, and to increased risk even, if it be held that all the transactions with public officers in the payment of taxes, redemptions, etc., must be through the medium of bank-bills and coin, instead of being done, as they are largely, through the banks, by means of certificates and demand checks. Of course payment by check, unless otherwise expressly agreed, is always upon the implied condition that it be honored and paid on presentation. If duly presented and not honored, it will turn out to have been no payment, and parties therefore proceed at their peril. But, on the other hand, if it be duly paid as contemplated, the payment, unless some new right or claim has intervened, is usually deemed to relate back to the time of its delivery. We are speaking of ordinary bank checks or certificates payable immediately; so that, as respects a redemption like this, no right can be imperiled by holding a payment by check good where such check is the actual equivalent of money, and the party entitled can have his money at any time by calling for it, and where the check is used and actually paid promptly, and within the period of redemption, and before any new rights have attached.

2. At the time of making such redemption the redemptioner produced to the sheriff the original records establishing his title under the mortgagor, but did not produce certified copies thereof, and did not cause such documents to be prepared and filed with the register of deeds, as plaintiff claims he should have done under Laws 1881, Ex. Sess. c. 3. But, upon a redemption by the mortgagor or owner of the land, the production of the original documents showing his right to redeem, and the due payment of the required sum, are all that is essential to protect the rights of the purchaser, or to enable the officer to act advisedly and intelligently in the premises; and the filing of the documents with the register would not determine the action of the holder of the certificate, whether to accept the money, or decline it and contest the party's right to redeem. And, as to these questions, we adhere to the rule laid down in *Tinkcom* v. *Lewis*, 21 Minn. 132, and *Wilson* v. *Hayes*, 40 Minn. 531, (42 N. W. Rep. 467,) in the first of which it was held that in a case like this the production of the original records is sufficient, and in the second case mentioned that it was for the benefit of subsequent lienholders, and not

the original purchaser, that the provision for filing the certified copies of the records showing the redemptioner's right to redeem was intended.

Judgment affirmed.