THOMAS J. McELLIGOTT v. FRANK E. MILLARD.[1]

January 15, 1901.

Nos. 12,384—(181).

**Redemption from Foreclosure Sale—Payment—Findings.**

In an action to determine adverse claims to land, which had been sold upon the foreclosure of a mortgage thereon, *held*, that the findings of fact and decision of the trial court, to the effect that the owner of the land paid to the sheriff the amount necessary to redeem the premises from such sale within the time limited by law, and that he did duly redeem them, are sustained by the evidence.

Appeal by plaintiff from a judgment of the district court for Lac qui Parle county, entered pursuant to the findings and order of Qvale, J. Affirmed.

[1] Reported in 84 N. W. 786.

*T. J. McElligott*, appellant, pro se.

*H. L. Hayden* and *Seward & Burchard*, for respondent.

START, C. J.

Action to determine adverse claims to the land described in the complaint. Trial by the court without a jury, and the plaintiff appealed from a judgment decreeing the defendant, and not the plaintiff, to be the owner in fee of the premises.

It is admitted by the parties that the defendant on November 30, 1899, was the owner of the premises, subject to a sheriff's certificate of sale thereof for $841.52, duly made upon the foreclosure of a mortgage thereon, which certificate was then owned by George C. Mantel. The last day for redemption by the defendant, as owner, from such sale was December 1, 1899. The defendant claims to have duly redeemed the premises from such sale by paying to the sheriff the amount due on the certificate within the time allowed by law, but the plaintiff, who has succeeded to the rights of Mr. Mantel under the certificate of sale, claims that the redemption was void, for the reason that no money was paid to the sheriff until after the time for redemption had expired.

The finding of the trial court on this question is substantially this: On November 30 and on December 1, 1899, the defendant was, and for more than two years prior thereto had been, the owner of the premises, but no evidence of his title thereto had, prior to November 30, appeared of record. On December 1, 1899, the defendant, as such owner, duly redeemed the premises from the sale, and duly paid to the sheriff who made the sale the amount required by law for such redemption, to wit, the sum of $911.07, in redemption thereof. At the time of such redemption the sheriff requested Mr. H. L. Hayden to keep the redemption money for him until he should call for it, and Mr. Hayden, agreeably to such request, kept the money for him until he called for it, when it was turned over to him at once upon his request. The money was safely kept by Mr. Hayden, and was so kept solely at the request of the sheriff, and not otherwise, from December 1, 1899, until on or about December 15, 1899, when it was turned over to the sheriff at his request. The sheriff at the time of such

redemption, which was within the time allowed by law for redemption from the sale, executed and delivered to defendant a certificate of redemption from the sale, which certificate bears date November 30, 1899, and was on December 21, 1899, at ten o'clock a. m., filed for record, and was duly recorded in the office of the register of deeds for the proper county.

The plaintiff makes no claim to the premises on the ground of being a purchaser thereof without notice of the redemption, but he challenges, by proper assignments of error, this finding, on the ground that it is not supported by the evidence; also the trial court's conclusion of law to the effect that such redemption was valid. The only question for our decision is whether the finding is supported by the evidence, because, if it is, the conclusion of law and the judgment to the effect that the redemption is valid and the defendant is the owner of the premises are sustained by the finding.

The evidence tends to show these facts: The defendant prior to November 30, 1899, sent the money to make the redemption to a bank at Madison, this state, the official residence of the sheriff making the foreclosure sale, and on that day the sheriff executed the certificate of redemption here in question in the office of Mr. Hayden, who then informed him that the money for the redemption was in the bank, and suggested that they would go and get it. Thereupon the sheriff said he must go home, but he gave the certificate to Mr. Hayden, and told him to go to the bank, get the money, and keep it for him (the sheriff) until he called for it. Mr. Hayden went to the bank at once for the same, but did not get the money, because the safe was time-locked, presumably for the reason that it was Thanksgiving Day. He left the certificate with the cashier, and on the next morning the bank paid to Mr. Hayden the full amount of the redemption money, and forwarded the certificate of redemption for the defendant. Mr. Hayden placed the money in an envelope by itself, and kept it in his safe ready for the sheriff whenever he called for it. There it remained until December 8, when, for greater safety, he caused it to be placed in the bank, taking a cashier's check therefor in his own name, which he at once indorsed to the sheriff, and kept it ready

to be delivered to him whenever he called for it. He did not, however, call for the redemption money until some ten days thereafter, when it was paid to him, and he tendered the money to the owner of the certificate of sale, Mr. Mantel, who refused to receive it. The latter, on December 12, asked Mr. Hayden for the money, who told him he could not deliver it to him, as he had to pay it to the sheriff.

The evidence tending to establish these facts is practically undisputed, and sustains the finding and decision of the trial court that the defendant on December 1, 1899, paid to the sheriff the amount required by law to redeem the premises, and that he did duly redeem them from such foreclosure sale. What was done with the money after the time for redemption expired, on December 1, is immaterial; for if the money, in legal effect, was not on that day paid to the sheriff for the redemption of the premises, there was no redemption. On the other hand, if it was so paid on that day, the redemption was complete and valid, and could not thereafter be affected by any act or neglect on the part of the sheriff, for he was not the agent of the defendant.

Now, in its last analysis, the transaction was simply this: The sheriff was advised that the defendant desired to redeem the premises, and that the money was at the bank for that purpose, and he executes a certificate of redemption, and gives it to his, not the defendant's, messenger and agent, to deliver it to the bank, and to receive and retain the redemption money until he called for it. His messenger executed the trust with perfect fidelity, and when the money was paid to him the sheriff, in legal effect, received it. If Mr. Hayden, the messenger, upon receiving the money on December 1, had delivered it to the sheriff at once, and the latter had immediately returned it to him, and requested him to keep it in his safe until he (the sheriff) called for it, there could be no question but that such a transaction would constitute a payment to the sheriff. This is, in substance, just what was done; for the handing of the money to the sheriff, and immediately receiving it back from him, would be a matter of form, not of substance. The absence of such circumlocution cannot change the substance of the transaction. Again, if the sheriff refused to

pay over the redemption money on demand, could he escape lia-
bility at the suit of the holder of the certificate of sale by the plea
that he never received the money? Clearly not. The fact that
the sheriff was the officer of the law, and not the agent of either
of the parties, is no reason why we should not take a common-
sense view of the effect of his actions and of the real substance of
the transaction, culminating in the redemption of the premises.
See Nopson v. Horton, 20 Minn. 239 (268); Sardeson v. Menage, 41
Minn. 314, 43 N. W. 66. The defendant by his agent, the bank,
paid the redemption money in due time to the messenger of the
sheriff on the delivery of the certificate of redemption, and we
hold that this was a payment to the sheriff. To hold otherwise
would be to take a narrow view of the transaction, which would
result in manifest injustice.

Judgment affirmed.