ARTHUR LIGHTBODY and Others v. THEODORE LAMMERS and Another.[1]

June 1, 1906.

Nos. 14,729—(62).

**Foreclosure of Mortgage.**

The provisions of the statutes which confer the right to redeem from a foreclosure of a mortgage by advertisement and which regulate its existence are remedial in character and should receive such liberal construction as will advance the remedy, rather than restrict the right of redemption.

**Redemption—Proof of Heirship.**

Proof of heirship of a person entitled to redeem is sufficient proof of the right to redeem without the production of any document or record, where it does not appear that any probate proceedings have been completed.

Action in the district court for Cook county to determine the adverse claims of defendants to certain vacant and unoccupied land. The case was tried before Dibell, J., who found in favor of plaintiffs. From an order denying motions to amend the findings and for a new trial, defendants appealed. Affirmed.

*John A. Keyes,* for appellants.

*S. T. & Wm. Harrison* and *Francis H. De Groat,* for respondents.

JAGGARD, J.

In this case one John Lightbody executed a mortgage covering certain lands involved in this litigation. That mortgage was assigned to the defendant and appellant, who foreclosed it by advertisement. The plaintiffs and respondents sought to redeem from the foreclosure sale as the heirs at law of John Lightbody, deceased. Under the findings of fact and conclusions of law, the plaintiffs were entitled to judgment. From an order denying defendant's motions to amend the findings of fact and conclusions of law, and for a new trial, this appeal was taken.

The first of defendant's two propositions, on this appeal, is that the plaintiffs did not sufficiently show themselves to be the heirs

[1] Reported in 108 N. W. 846.

of John Lightbody. The court found as a fact that they were such heirs upon sufficient evidence. The question in this record was essentially the same as that previously decided by this court in Hoyt v. Lightbody; supra, page 189.

The second proposition made by the defendants on this appeal is that the plaintiffs did not produce any evidence of their heirship or any reason entitling them to redeem, and that therefore they did not as a matter of fact redeem the premises. There was no proof that any instrument showing title to the premises was presented to the sheriff at the time of the attempted redemption, or that there was any instrument of record showing that the plaintiffs claiming to redeem had the right to redeem. Upon the death of Lightbody and his wife, as found by the court, the estate descended to the plaintiffs as his heirs at law. No act or decree of court was essential to vest the title in them. It was vested by operation of law. This case was not within the statutory specification of evidences of right to redeem to be produced to the sheriff.

The plaintiffs' right to redeem was not based on (1) a judgment; nor (2) on a deed of conveyance or mortgage; nor (3) any other lien. See G. S. 1894, § 6042. No final decree had been entered in the probate court. It does not appear that there was any document or record in existence by the production of which the right to redeem could have been proven. The sections which confer the right to redeem and regulate its exercise are like the rest of the statutes to foreclose crude and imperfect. Being of a remedial character, they should receive such liberal construction as would advance the remedy rather than restrict the right of redemption. Young, J., in Tinkcom v. Lewis, 21 Minn. 132; Williams v. Lash, 8 Minn. 441 (496); Wilson v. Hayes, 40 Minn. 531, 533, 42 N. W. 467, 4 L. R. A. 196, 12 Am. St. 754; Sardeson v. Menage, 41 Minn. 314, 316, 43 N. W. 66. The purpose of the production of the instruments required as evidence of right to redeem is a temporary one of satisfying the sheriff of the existence of that right. They need not be recorded and are not muniments of title. Todd v. Johnson, 50 Minn. 310, 314, 52 N. W. 864.

It was not, therefore, essential to the right of plaintiffs to redeem that under the circumstances of this case any instrument or record should be produced by them to the sheriff or that any proceedings in

the probate court should have been taken. Proof of heirship was sufficient proof of the right to redeem.

Order affirmed.