In the Matter of the Petition of **BEACHSIDE I HOMEOWNERS ASSOCIATION, a Minnesota non-profit corporation, For a New Certificate of Title After Foreclosure of Assessment Lien.**

No. A11–180.

Court of Appeals of Minnesota.

July 18, 2011.

Karl E. Robinson, Joel A. Hilgendorf, Hellmuth & Johnson, PLLC, Edina, MN, for appellant Beachside I Homeowners Association.

Mark E. Greene, Sarah L. Krans, Bernick, Lifson, Greenstein, Greene & Liszt, P.A., Minneapolis, MN, for respondents Palladium Holdings, LLC and Northern Realty Ventures, LLC.

Considered and decided by HALBROOKS, Presiding Judge; BJORKMAN, Judge; and COLLINS, Judge.*

## OPINION

HALBROOKS, Judge.

Appellant challenges the district court's adoption of the title examiner's recommendation to grant summary judgment to respondents, arguing that it is entitled to a certificate of title because respondents do not have a valid interest in the property at issue. Because we conclude that the conveyances resulting in respondents' acquisition of the property were valid, we affirm.

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## FACTS

On May 28, 1991, Florence Schafer registered a certificate of title to Torrens property located on Beachside Drive in Minnetonka (the property). She died intestate on December 9, 2001, and probate proceedings were never initiated. By operation of the intestacy statutes, Florence's brother, William, received a one-half interest in her estate, and her nephews, Michael Schafer Jr. and Thomas Schafer (sons of Florence's deceased brother, Michael Schafer), each received a one-quarter interest in her estate. *See* Minn.Stat. §§ 524.2–103, 524.2–106 (1990).

Thomas was living with Florence at the time of her death, and he paid expenses associated with the property from Florence's death until May 2007. When Thomas ceased making payments to the homeowners' association, appellant Beachside I Homeowners Association (Beachside) filed an association-assessment lien on the property. Beachside began foreclosure proceedings in October 2008 and ultimately purchased the property at a sheriff's sale on January 7, 2009.

On June 1, 2009, during the six-month redemption period, Thomas transferred his interest in the property to respondent Northern Realty Ventures, LLC (NRV) by quit-claim deed. Thomas and NRV agreed that Thomas would continue living on the property until September 1, 2009, and that NRV would pay the real-estate taxes.

NRV contracted with Evans Contractors, Inc. to perform work on the property but subsequently failed to pay Evans. NRV also failed to pay the real-estate taxes. Evans filed a mechanic's lien on the property on June 25, 2009. On June

29, 2009, Evans filed a notice of intent to redeem. On the same date, Thomas paid $2,438.03 in outstanding property taxes and filed a notice of a tax lien against the property. Thomas assigned this lien to respondent Palladium Holdings, LLC, and Palladium filed a notice of intent to redeem on June 30. Evans paid $10,395.98 to redeem the property, and Palladium subsequently purchased the property from Evans for $13,650.98.

On July 28, 2009, Beachside petitioned the district court for an order directing the registrar of titles to enter a certificate of title in Beachside's name. Respondents filed an objection and answer to the petition, claiming that Palladium was the owner of the property and requesting an order directing the registrar of titles to enter a certificate of title in Palladium's name. The parties filed cross-motions for summary judgment and stipulated pursuant to Minn.Stat. § 508.13 (2010) that the Examiner of Title's Office should hear and consider the motions before a hearing occurred in the district court.

At the hearing before the title examiner, Beachside argued that Palladium did not have a valid interest in the property because, absent a probate court adjudication that Thomas was an heir, Thomas never obtained an interest in the property that allowed him to make the original conveyance.

The title examiner issued a report on September 21, 2010, recommending that respondents' motion for summary judgment be granted and that Beachside's motion be denied. The title examiner concluded that Thomas had a valid and transferrable interest in Florence's property at the time that he transferred that interest to NRV, reasoning that "[t]he absence of probate proceedings does not bar a decedent's heir from asserting his or her rights to an interest in real property."

Respondents moved the district court to adopt the report of the title examiner. Upon review, the district court agreed that "a decedent's estate passes immediately to the decedent's heirs upon the death of the decedent by operation of law," even in the absence of probate proceedings. The district court concluded that Florence's "estate passed immediately to [Thomas] upon [Florence]'s death by operation of law, [and] [Thomas]'s assignment to NRV, [Thomas]'s assignment to Palladium, and Evans' assignment to Palladium were all valid." Therefore, the district court granted respondents' motion to adopt the title examiner's report and directed the registrar of titles to enter a certificate of title in favor of Palladium. This appeal follows.

## ISSUE

Did the district court err in its conclusion that Thomas had a valid interest in the property by operation of law upon Florence's death?

## ANALYSIS

■ Our review of a district court's decision to adopt the report and recommendations of a title examiner presents a mixed question of law and fact. We will not disturb the district court's factual findings unless those findings are clearly erroneous. Minn. R. Civ. P. 52.01. "But whether the findings of fact support a district court's conclusions of law and judgment is a question of law, which we review de novo." *Ebenhoh v. Hodgman*, 642 N.W.2d 104, 108 (Minn.App.2002). The parties do not dispute the district court's factual findings. Therefore, the sole issue on appeal is whether the district court erred in its legal conclusion that an individual obtains an interest in an intestate decedent's estate upon the death of the

person, regardless of whether or not the individual has been legally adjudicated to be an heir in probate proceedings.

Minnesota has largely adopted the provisions of the Uniform Probate Code (UPC). *See* 1974 Minn. Laws ch. 442, arts. 1–8, at 1022–76 (codifying sections of the UPC effective August 1, 1975). The purpose of the UPC is to promote simplicity and efficiency in our state probate process. Minn.Stat. § 524.1–102 (2010). But we also note that prior to the adoption of the UPC, a decedent's estate passed immediately to his or her heirs by operation of law. *See Lightbody v. Lammers,* 98 Minn. 203, 204, 108 N.W. 846, 847 (1906) (recognizing that "[n]o act or decree of court was essential to vest the [heirs with] title [to the estate] ... [because title] was vested by operation of law"). In the case of *In re Estate of Butler,* the supreme court recognized that a decree of distribution of a decedent's estate is not the source of title. 205 Minn. 60, 64, 284 N.W. 889, 891 (1939). Instead, the supreme court stated that a decree "simply declares what the law has ordained." *Id.* These cases illustrate that Minnesota has long recognized the principle that title to a decedent's estate vests automatically and that probate proceedings are not a necessary prerequisite.

▮ Our resolution of this issue depends on the interpretation of the pertinent statutory provisions in light of the policies underlying the UPC. *See* Minn. Stat. § 524.1–102 (stating that the UPC shall be construed to promote the policies of simplicity and efficiency). Statutory interpretation presents a question of law, which we review de novo. *Savig v. First Nat'l Bank of Omaha,* 781 N.W.2d 335, 338 (Minn.2010). The relevant statutory section provides that "[u]pon death, a person's real and personal property devolves to the persons to whom it is devised by last will ... or in the absence of testamen-

tary disposition, to the decedent's heirs." Minn.Stat. § 524.3–101 (1990). The code also provides:

> In the absence of administration, the heirs and devisees are entitled to the estate in accordance with the terms of a probated will or the laws of intestate succession.... Persons entitled to property pursuant to ... intestacy may establish title thereto by proof of the decedent's ownership and death, and their relationship to the decedent.

Minn.Stat. § 524.3–901 (1990).

These sections clearly provide for the automatic devolution of interest in property to the heirs of a person who dies intestate without the need for the heirs to be determined by a probate court. Indeed, our statutes provide a method to establish title to property in the absence of a probated estate, demonstrating that probate proceedings are not a prerequisite to obtaining a valid interest in real or personal property. In the case of an unprobated estate, an individual's heirs are determined according to the relevant intestacy statutes. *Id.* That is precisely what occurred in this case. Contrary to appellant's arguments, probate proceedings were not necessary to vest Thomas with a valid interest in Florence's property.

▮ We also note that a similar conclusion has been reached by appellate courts in other jurisdictions that have applied identical provisions from the UPC. "Laws uniform with those of other states shall be interpreted and construed to effect their general purpose to make uniform the laws of those states which enact them." Minn. Stat. § 645.22 (2010). "We give great weight to other states' interpretations of a uniform law." *Savig,* 781 N.W.2d at 346 (quoting *Johnson v. Murray,* 648 N.W.2d 664, 670 (Minn.2002)).

Examining statutory language that is nearly identical to our statute, the Arizona Court of Appeals recognized that "title to a decedent's real property devolves directly to his or her heirs and devisees, and this is true whether the estate has been or is being administered." *Roberts v. Robert*, 215 Ariz. 176, 158 P.3d 899, 902 (Ariz.App. 2007). In *Roberts*, the appellant claimed that he obtained an interest in his mother's property by operation of law, entitling him to redeem certain tax liens. *Id.* Consistent with the language in the UPC, the Arizona Court of Appeals recognized that "by operation of law an heir succeeds to the ownership interest of the decedent in real property." *Id.* Based on these principles, the Arizona appellate court held that the appellant obtained title to his mother's real property upon her death by operation of law and that he was therefore entitled to redeem the tax liens. *Id.*

Courts from other states that have adopted the UPC have reached similar conclusions. *See Ruzicka v. Ruzicka*, 262 Neb. 824, 635 N.W.2d 528, 533 (2001) ("Under Nebraska law, title to real property passes immediately upon death to devisees or heirs, subject to administration."); *Sheehan v. Estate of Gamberg*, 677 P.2d 254, 256–57 (Alaska 1984) ("[U]nder the Alaska devolution statute [which is identical to the UPC], the property of a decedent devolves to his heirs or devisees immediately upon his death, subject to the rights of creditors." (footnotes omitted)).

Beachside makes the additional argument that pursuant to Minn.Stat. § 524.3–108 (1990), a probate proceeding was required to determine Florence's heirs and distribute her property within three years of Florence's death. It is true that "[n]o informal probate . . . or formal testacy . . . proceeding . . . may be commenced more than three years after the decedent's death." Minn.Stat. § 524.3–108. But this section also states that the three-year limitation does not apply to "proceedings to . . . determine heirs of an intestate." *Id.* The plain language of this section does not impose a three-year time limitation for the determination of a decedent's heirs, and more importantly, this section does not require the initiation of a probate action in order to determine those heirs.

Beachside further contends that Minn. Stat. § 525.31 (1990) provides support for its assertion that probate proceedings are required to vest title in a decedent's heirs. This provision allows an individual to petition the district court for a determination of descent of property after the three-year statute of limitations that is outlined in section 524.3–108 has run. Minn.Stat. § 525.31. But this section gives an individual the option to petition to determine descent of property; it does not require a petition, nor does it condition an individual's status as an heir on the filing of a petition. These sections are procedural in nature and do not alter the clear mandate in section 524.3–101.

Because the Minnesota probate code explicitly provides for the devolution of property to a decedent's heirs upon death and does not require a probate proceeding in order to legally determine who is an heir, we conclude that Thomas obtained a valid interest in the property immediately upon Florence's death.

## DECISION

Because Thomas obtained a valid interest in Florence's estate upon her death, all subsequent transfers of his interest were valid. We therefore conclude that the district court's decision to adopt the title examiner's report and recommendation granting summary judgment in favor of respondents and ordering the registrar of

titles to enter a certificate of title in favor of Palladium was correct.

**Affirmed.**