WILLIAM P. TODD *vs*. ALBERT JOHNSON *et al.*

Argued by appellant, submitted on brief by respondent, Dec. 14, 1893.   Affirmed Dec. 30, 1893.

No. 8500.

**Redemptions by subsequent judgment creditors from sale on foreclosure.**

Where a second or junior redemptioner, having a lien, seasonably redeems from a senior creditor, who had previously made redemption from the purchaser at a mortgage sale upon a lien valid on its face, and had received a certificate of redemption, and the purchaser had accepted the redemption money, *held*, that such second redemption must be deemed valid, though it turned out that such senior creditor had not in fact a valid lien.

**Defects in first redemptioner's lien which will not defeat the second redemption.**

And the fact that such purchaser was ignorant at the time of certain irregularities in the proceedings will not avail against the superior rights of the second redemptioner.

**Irregularities in the judgments under which redemptions were made.**

Certain irregularities in the entry and transcripts of judgments under which a redemption was made *held* not to invalidate the judgments, or the lien thereof.

Appeal by Andrew J. Finnegan, one of the defendants, from a judgment of the District Court of Meeker County, *Gorham Powers,* J., entered July 29, 1893, quieting and confirming the title of plaintiff, William P. Todd, to eighty acres of land in that county.

Ole Eidem owned the land and on April 15, 1876, mortgaged it to George F. Snow with power of sale in case of default in payment of the debt secured. He made default, and the land was sold by the sheriff under the power February 1, 1879, pursuant to notice, and was bid in by Snow. The mortgagor failed to redeem, but his judgment creditors filed the notices and took the proceedings stated in the opinion. The plaintiff claims under these redemptions. The defendant Finnegan claims under Snow, contending that no valid redemption was ever made.

The issues were first tried and judgment entered for plaintiff in Kandiyohi County October 20, 1891. On appeal that judgment was reversed and a new trial ordered. *Todd* v. *Johnson,* 50 Minn. 310. A second trial was had November 28, 1892 at Litchfield. The Court made findings of fact and again ordered judgment for plaintiff. It was entered and defendant Finnegan appeals.

*Savage & Purdy,* for appellant.

Plaintiff sold and conveyed this land June 9, 1891, to Peter E. Hanson. This was after this action was commenced. Defendants offered this deed in evidence. Plaintiff objected, but it was received and he excepted. Not having appealed plaintiff cannot raise the objection that the deed should have been excluded. *Maloney* v. *Finnegan,* 40 Minn. 281; *Pinney* v. *Russell,* 52 Minn. 443. Mackay's judgment was not a lien upon this land. The indebtedness for which it was recovered was incurred in September, 1874, while the patent was issued January 15, 1875, under the Act of Congress which declares that no lands acquired under the homestead law shall in any event become liable to the satisfaction of any debt or debts contracted prior to the issuing of the patent. U. S. Rev.

Stat. § 2296; *Seymour* v. *Sanders*, 3 Dill. 437; *Russell* v. *Lowth*, 21 Minn. 167; *Miller* v. *Little*, 47 Cal. 348.

But further, Mackay did not take any steps to redeem from this foreclosure sale. He did not attempt, authorize or ratify a redemption. His attorney redeemed without his knowledge or consent. The attorney himself says that his instructions were simply, to collect the money due on the Eidem note. This could not be twisted into an authority to redeem real estate from a foreclosure sale more than four years after judgment recovered. *Beardsley* v. *Root*, 11 Johns. 464; *Masterson* v. *Le Claire*, 4 Minn. 163.

Snow did not in fact waive the insufficiency of the notice of intention. A man does not waive any right or any defect by his conduct where such right or such defect is at the time unknown to him. *Pence* v. *Langdon*, 99 U. S. 578; *Hoxie* v. *Home Ins. Co.*, 32 Conn. 21; *Shaw* v. *Spencer*, 100 Mass. 382; *Holdsworth* v. *Tucker*, 143 Mass. 369; *Darnley* v. *London C. & D. Ry.*, L. R. 2 H. L. 43.

Snow's title was perfectly good unless divested by redemption. The burden rests upon the plaintiff to show redemption by P. P. Mast & Co. P. P. Mast & Co. claim through Mackay, he, having acquired no rights, could not transfer any by waiver. The judgments of P. P. Mast & Co. against Eidem are void on their face. They were recovered before a Justice of the Peace. The docket entry is: "November 18, 1878, summons returned and filed, being served on defendant by leaving a copy with his wife." The record fails to show that the service was made by an officer or by a person deputized for that purpose. *McKee* v. *Angel*, 90 N. C. 60; *Barber* v. *Morris*, 37 Minn. 194; *Godfrey* v. *Valentine*, 39 Minn. 336.

The rule as to Justice's judgments is, that the record must affirmatively show jurisdiction. *Barnes* v. *Holton*, 14 Minn. 357; *Clague* v. *Hodgson*, 16 Minn. 329; *Mudge* v. *Yaples*, 58 Mich. 307; *O'Connell* v. *Hotchkiss*, 44 Conn. 51; *Benson* v. *Dyer*, 69 Ga. 190; *Rowley* v. *Howard*, 23 Cal. 402.

The transcripts of these judgments filed in the District Court are insufficient to create a lien on real estate. They neither show correctly the Justice before whom they were recovered, the date, nor the true amount. *Anderson* v. *Miller*, 5 Blackf. 417; *Facey* v. *Fuller*, 13 Mich. 527.

*Frank Healy* and *Uri L. Lamprey,* for respondent.

Defendant claims that plaintiff could not recover by reason of his deed to Peter E. Hanson. There is nothing in this point. The only facts necessary to constitute a cause of action are the possession by plaintiff in person or by tenant and an adverse claim in defendant. All that plaintiff needs to prove to make out his case is possession. *Steele* v. *Fish,* 2 Minn. 153; *Meighen* v. *Strong,* 6 Minn. 177; *Wilder* v. *City of St. Paul,* 12 Minn. 192; *Barber* v. *Evans,* 27 Minn. 92; *Green* v. *Dwyer,* 33 Minn. 403; *Child* v. *Morgan,* 51 Minn. 116; *Knight* v. *Alexander,* 38 Minn. 384.

But the record shows that the plaintiff objected to the defendant's introducing the deed to Hanson, because the deed. was not given until after the issues in this action were formed and was inadmissible under the pleadings. *Harrington* v. *St. Paul & S. C. R. Co.,* 17 Minn. 215; *Finley* v. *Quirk,* 9 Minn. 194; *Cochrane* v. *Halsey,* 25 Minn. 52.

We submit that Mr. Mackay authorized redemption, that he attempted to and did make redemption. *Berthold* v. *Fox,* 21 Minn. 51; *Sheldon* v. *Risedorph,* 23 Minn. 518; *Schorigge* v. *Gordon,* 29 Minn. 367.

Mackay asserted his right to redeem; Snow conceded it by accepting the money; P. P. Mast & Co. conceded it and redeemed from Mackay. They were the only parties interested. Who then had the power to say that Mackay had no right to redeem? And what right has Snow now after he has made such concession and received his consideration for it, to repudiate it?

But assume that the defect avoided Mackay's redemption, then the case would be that he failed to redeem, and that would not affect P. P. Mast & Co.'s right to redeem within the time allowed on the lien of their judgment, to wit: five days after the five days allowed Mackay.

VANDERBURGH, J. In this action to determine an adverse claim of defendant, the plaintiff alleges possession and title. The defendant, in addition to a general denial, sets up title in himself, and asks an affirmative judgment. The answer thereby presents an independent claim for adjudication. This is a waiver of strict proof of

possession, and is a consent to try the controversy over the title on its merits.    This disposes of the first assignment of error.    *Hooper* v. *Henry*, 31 Minn. 265, (17 N. W. 476.)

The issues herein were framed in 1888, but upon the trial the defendant, over the objections of the plaintiff, offered in evidence a quitclaim deed of the premises from the plaintiff to one Hanson, dated in 1891.    To entitle this evidence to be received, a supplemental answer should have been filed.    The deed not having been admitted in evidence by consent, it was not within the issues, and hence was not the proper subject of a finding of the jury. *Harrington* v. *St. Paul & Sioux City R. Co.,* 17 Minn. 219, (Gil. 188.)

The defendant claims title under the grantee of one Snow, who purchased the land on the foreclosure of a mortgage held by him. Plaintiff claims under redemptions from the foreclosure sale made by judgment creditors of the mortgagor, one Eidem.    These redemptions were considered in our decision upon the former appeal herein, 50 Minn. 310, (52 N. W. 865,) to which we refer.    The first of these redemptions was made in behalf of one Mackay, the senior judgment creditor, within five days after the expiration of the year allowed the mortgagor to redeem.    The redemption was made in his behalf by his agent, by paying the proper amount to the sheriff; and a certificate of redemption, sufficient in form, was issued to him on the day of the redemption, February 5, 1880, and duly recorded on the 9th day of February, 1880.    And within five days, viz. on February 7, 1880, P. P. Mast & Co., a corporation, as junior judgment creditor, paid to the sheriff, as upon a redemption of the same premises, the amount paid by Mackay, together with the amount of his judgment, and thereupon received the proper sheriff's certificate of redemption.

Under the decision referred to, these certificates must be deemed sufficient in form; and the defects in Mackay's notice of intention to redeem, and the omission to furnish the sheriff the proof required by 1878 G. S. ch. 81, § 14, were also there held not to be fatal to the redemption, as between the redemptioner and Snow, the person redeemed from, who is the common source of title of these parties.    A new trial was ordered because the plaintiff had failed to prove the liens upon which the redemptions were attempted to be made.    On the second trial, plaintiff produced a

certified copy of the judgment record in favor of Mackay, in Kandiyohi county, and of the proper transcript and docket entries in Meeker county, where the land is situated, and where the judgment was duly docketed October 4, 1878.

Several objections are again raised by defendant to the validity of the redemptions: (1) As respects that in behalf of Mackay, it is insisted that it was made by the attorney who recovered the judgment, without adequate authority. (2) It is also urged that neither he nor Snow, the mortgagee, knew of the defects or irregularities in the proceedings to redeem, and therefore could not have waived them. (3) Another objection not raised on the former appeal is this: Eidem, the mortgagor, entered the land as a homestead, and the patent issued to him thereon is dated January 15, 1875. Mackay's judgment against Eidem was recovered in 1876, but upon a promissory note made in 1874, and hence antedating the patent. It is claimed that by virtue of the provisions of the United States statute (see *Russell* v. *Lowth,* 21 Minn. 168) the judgment never became a lien on the land, and hence the redemption upon the Mackay judgment was a nullity. It is proper to state here, however, that the records of Meeker county—where this land lies, and where the redemption was made—do not disclose this defect. The transcript and docket there do not show when the debt for which the judgment was given accrued. It was an apparent lien on the land, and there is no evidence of any bad faith on the part of any of the parties. They evidently overlooked, or did not inquire into, the defect referred to.

The certificate of redemption issued to Mackay, already referred to, recited the fact of the filing of the notice of intention to redeem, the mortgage foreclosure, the rendition of the judgment in 1876, and the transcript and docketing in Meeker county in October, 1878, and acknowledges the receipt of the amount required to redeem the premises from his foreclosure sale, and is apparently valid on its face, as already held, and the redemption money was duly paid over to the mortgagee, purchaser at the sale; and thereupon P. P. Mast & Co. made the second redemption on the 7th day of February, 1880, and received the sheriff's certificate of that date, recorded also the same day, as above stated, and afterwards conveyed the premises to the grantor of the plaintiff. (4) Objection is also made to the

v.56м.—5

judgments of P. P. Mast & Co. They were recovered in justice's court in Meeker county, before one Koerner. The record shows that the summons was returned as duly served by S. Y. Gordon, and that execution was issued to Gordon, and, in another part of the record, Gordon is referred to as Constable Gordon, and his fees duly taxed as such constable. We think the record sufficient. The transcripts filed with the clerk of Meeker county were issued by one Atkinson as the successor of Koerner. The recitals therein, "Before I. B. Atkinson, justice of the peace," in the caption, must be held to refer to the date of the transcript. The record otherwise shows that the judgments were rendered before Koerner, and contains all the essentials of a transcript.

As respects the redemption of P. P. Mast & Co., it is very clear that, upon the face of the record, it was a valid redemption. Its judgments were liens subject to the mortgage. Its notice of intention to redeem was seasonably- filed, and was sufficient in form. Within five days after the expiration of the year, Mackay's agent, as already stated, caused a redemption to be made upon his judgment, which was the senior judgment, and, upon the records in Meeker county, was an apparent lien; and a certificate of redemption was duly issued to Mackay, and the redemption money accepted and retained by Snow. That redemption has never been set aside, nor has it been questioned by the parties thereto, nor, in so far as appears, by any one, until this action was brought, eight years later. There having been a redemption in fact, apparently valid, within the first five days, by a prior judgment creditor, P. P. Mast & Co. was entitled to the second five days in which to redeem, even if the first redemption had subsequently been declared void.

Its payment of the amount due on the mortgage, as well as of the prior judgment, which was received by the attorneys of Mackay for him, worked a valid redemption of the property, in any event. We are unable to see why the title did not pass to P. P. Mast & Co. upon its redemption. The record of the prior judgment, and a redemption under the same within the five days, gave it the additional time provided for by the statute. It will not do to hold that the second redemptioner is bound to contest the right of a prior redemptioner, who has an apparently valid lien, and has actually made a redemption. The statute does not contemplate any such thing. Any other

rule than the one indicated would be unreasonable, lead to confusion, and work injustice to redemptioners.

The purchaser, Snow, knew of the Mackay redemption, and accepted and retained the amount due him as redemption money. As to Snow and P. P. Mast & Co., that redemption was an accomplished fact. Besides, it is the policy of the law to have the property of the debtor applied, as far as it will go, in satisfaction of the debts of the mortgagor. *Sprague* v. *Martin*, 29 Minn. 231, (13 N. W. 34.) Parties desiring to contest redemptions should stand upon their strict legal rights, and . act promptly and seasonably; otherwise, subsequent redemptioners might lose their right of redemption. Both Snow and Mackay collected their . debts, and are in no position to complain of the subsequent redemption.

Snow was put upon inquiry by the fact of redemption, and he might have inquired into the facts, if he cared to do so; and it is certainly now too late, upon the facts in this case, for him or his assignees to question the validity of P. P. Mast & Co.'s redemption.

Mackay did not specially direct the redemption. He testifies that he directed his attorney to do all he could to collect his debt against Eidem. It is not necessary to decide the extent or limitations of the authority of his attorney. It is enough that the matter was so managed that his debt was collected, and he has received it, and so he is in no position to question the redemption. He either authorized it or he did not. If he did, it is good as to him; and, if he did not, he has no interest whatever in the question, since he is subjected to no liability. It is unnecessary to consider other questions raised.

Judgment affirmed.

Buck, J., took no part.

(Opinion published 57 N. W. Rep. 320.)