## DONALD W. GRANT and Another v. EUGENE S. BIBB and Others.[1]

May 14, 1915.

Nos. 19,080—(54).

**Mortgage — redemption by judgment creditor — waiver of defects.**

1. A judgment creditor whose judgment is irregular has no right to redeem from a mortgage foreclosure sale, but, if he undertakes to do so and the purchaser at the sale receives the redemption money and appropriates it to himself, he waives any defect in the title of the holder of the judgment to redeem, and the redemption thereon operates as an assignment to the redeeming creditor of the rights acquired by the purchaser at the sale.

**Acceptance of redemption money.**

2. The certificate holder may rescind his acceptance of the redemption money and still assail the right of the redemptioner to redeem if induced by fraud to accept it and, perhaps, if so induced by mistake. In this case there

1 Reported in 152 N. W. 728.

was no showing that plaintiffs' purchasers at foreclosure sale were induced by fraud or mistake to accept redemption money. The fact that the litigation out of which the judgment arose was still pending was patent. Plaintiffs were put upon inquiry by the fact of redemption. They could not themselves have determined the validity of the judgment, but they could have ascertained that it was still in litigation, and in that situation they were bound to determine whether they would recognize it as valid or disregard it as invalid.

**Validity of creditor's judgment.**

    3. The fact that they could not themselves litigate the validity of the judgment presents no reason why they were obliged to recognize it as valid.

Action in the district court for Hennepin county to set aside an attempted redemption from a sale on foreclosure of mortgage, to annul a decree of registration of title in the name of George W. Bruner, and to determine that plaintiffs were the owners of the premises upon payment of such sum as the court should determine. From an order, Steele, J., sustaining the separate demurrers of defendants, plaintiffs appealed. Affirmed.

*A. B. Jackson,* for appellants.
*John F. Byers* and *Eugene S. Bibb,* for respondents.

HALLAM, J.

The complaint alleges the following state of facts:

Plaintiffs foreclosed a mortgage on land of one Jacobson, themselves being the purchasers at the sale. When the year of redemption expired, defendants' testator, Bruner, held a judgment duly docketed against Jacobson and under this judgment he redeemed from plaintiffs' sale, and a certificate of redemption was issued to him by the sheriff. This judgment had just been procured in a contested lawsuit and was entered pursuant to a decision of the district court. A motion for a new trial had been made and had been denied nine days before the redemption. Eighteen days after being notified of the redemption, plaintiffs accepted the money paid for the redemption of their mortgage and have ever since retained it. A few days later Jacobson appealed the case of Bruner v. Jacobson to this court. On this appeal the decision of the trial court was reversed (122 Minn.

66, 141 N. W. 1097), and the Bruner judgment was accordingly set aside. Seven months after the reversal, and more than 14 months after the receipt of the redemption money, plaintiffs brought this action to set aside the redemption, alleging that the redemption was unlawful, and alleging that they are ready, able and willing to return the redemption money, and asking a decree that they are the owners of the land. They charge no fraud. They allege that they were ignorant of the frailty of the Bruner judgment and had no reason to doubt the validity and rightfulness of the judgment or of Bruner's right to make redemption thereunder, and, supposing and believing that Bruner was lawfully entitled to make said redemption and that they were bound to allow the same, they accepted the redemption money from the sheriff. To the complaint alleging these facts defendant demurred on the ground that it did not state a cause of action. The trial court sustained the demurrer. Plaintiffs appeal.

1. We would not want to hold that Bruner had in fact a right to redeem from plaintiffs' mortgage. We think plaintiffs might have refused to recognize his redemption. Had they done so, the attempted redemption would undoubtedly have failed upon the reversal of the Bruner judgment as effectually as would an execution sale made to the judgment creditor. But plaintiffs did not so refuse. On the contrary, they received the redemption money and accepted and appropriated it to themselves. By so doing they conceded Bruner's right to redeem and waived any defect in his title to do so (Todd v. Johnson, 56 Minn. 60, 57 N. W. 320; Orr v. Sutton, 127 Minn. 37, 148 N. W. 1066; McDonald v. Beatty, 10 N. D. 511, 88 N. W. 281; Smith v. Jackson, 153 Ill. 399, 39 N. E. 130; White v. Costigan, 134 Cal. 33, 66 Pac. 78; Millard v. Truax, 50 Mich. 343, 15 N. W. 501), and the redemption thereupon operated as an assignment to the redeeming creditor of the rights acquired by the plaintiffs at the sale. G. S. 1913, § 8150.

2. It is doubtless true that plaintiffs might rescind their acceptance of the redemption money and still assail the right of the redemptioner to redeem, had they been induced by fraud to accept the redemption money. But no fraud is charged.

It may also be conceded that they might rescind their acceptance

of the redemption money and assail the redemption if the money was accepted by them under some mistake of fact. But the plaintiffs make no showing of mistake. The judgment had just been procured in a contested lawsuit. Jacobson had taken the steps usually preliminary to an appeal. These facts were patent and the means of information were open to plaintiffs. They knew Jacobson had the right to appeal and that a reversal of the judgment might result. They allege no mistake of fact or of law. It is not enough to say that they supposed Bruner's judgment to be valid. They were "put upon inquiry by the fact of redemption." Todd v. Johnson, 56 Minn. 60, 67, 57 N. W. 320. Ignorance of one put upon inquiry, due to his failure to inquire, is not mistake. It may be said that, if they had investigated the litigation out of which the Bruner judgment arose, still they could not have determined that the judgment of the trial court was erroneous. But they could have determined that the litigation was still proceeding in effort to secure the reversal of that judgment. In that situation plaintiffs were bound to determine which of two inconsistent courses they would take, whether to recognize the judgment as valid, or disregard it as invalid. They could not do both. They could not assume the validity of the judgment, acquiesce in the redemption made under it, receive the redemption money, and then, after the judgment was reversed on appeal, rescind their action and cancel the redemption. Their conduct in accepting and appropriating to themselves the redemption money paid by Bruner for their use, was a waiver of any defect in his right or title to redeem.

3. Plaintiffs urge that since they were not parties to the Bruner judgment they could not litigate its validity, and that there was no practicable method by which they could have contested Bruner's right to redeem, and therefore there was no alternative left them but to accept the redemption money. It is doubtless true that plaintiffs could not litigate the question whether this judgment was invalid because of error in the proceedings on which it is based. Had the judgment been void, they might doubtless have assailed it as void. Hughes v. Olson, 74 Minn. 237, 77 N. W. 42, 73 Am. St. 343. But to assail it by retrying the cause for the purpose of convincing the

court that a different judgment ought to have been entered, is quite another matter. A judgment *in personam* of a court of competent jurisdiction, if relevant to the issue, is conclusive evidence of the fact of its rendition and of the legal consequences resulting therefrom, for and against strangers, as well as for and against parties and privies. When it is used as evidence against strangers it is subject to impeachment for fraud, collusion or want of jurisdiction, but for no other cause. Frost v. St. Paul B. & Inv. Co. 57 Minn. 325, 59 N. W. 308; Pabst Brewing Co. v. Jensen, 68 Minn. 293, 71 N. W. 384; Irish v. Daniels, 100 Minn. 189, 110 N. W. 968; Freeman, Judgments, § 337. But the fact that plaintiffs could not themselves conduct the litigation assailing this judgment would not change the effect of their acceptance of the redemption money as a waiver of their right to object to the title of the proposed redemptioner to redeem. No good reason suggests itself why they could not refuse to receive the redemption money until the validity of the judgment lien was finally determined as well in a case where the adverse party to the judgment was litigating that question as in the case where they were litigating it themselves. They might waive their right to object to the title of the proposed redemptioner to redeem, no matter what the nature of the defect in the redemptioner's title, and under the facts alleged in the complaint they did do so.

Order affirmed.