**Larry J. DUBBE, et al., Appellants,**

v.

**LANO EQUIPMENT, INC., Allis-Chalmers Credit Corporation, Respondents.**

**No. CO–84–1044.**

Court of Appeals of Minnesota.

Feb. 12, 1985.

Mac R. Willemssen, Chaska, for appellants.

Michael A. Fahey, Chaska, for Lano Equipment, Inc.

Trevor Walsten, Shakopee, for Allis-Chalmers Credit Corp.

Heard, considered and decided by FOLEY, P.J., and LANSING, and NIERENGARTEN, JJ.

## OPINION

FOLEY, Judge.

This is an appeal from a directed verdict for Lano Equipment on the issue of fraud. The Dubbes also appeal the trial court's denial of their motion for a judgment notwithstanding the verdict, asserting that mutual mistake was proven as a matter of law. The Dubbes appeal denial of their motion for a new trial, arguing that the instructions to the jury were erroneous. We affirm the trial court's directed verdict on the issue of fraud, but grant a new trial because the instructions on the issue of mutual mistake were erroneous. We affirm in part and reverse in part.

## FACTS

Larry J. and David Dubbe contracted with Lano Equipment, Inc. to purchase a New Idea Uni-System used tractor they had seen on the Lano lot. The Dubbe brothers were long-established customers of Lano. They desired a model compatible with a three-row, thirty inch corn picker head. They also wanted to avoid the first Uni-System model, made in 1966, because they believed it had many mechanical flaws. There is nothing in the record indicating that the Dubbes communicated this machine age requirement to Mark Lano, who discussed the tractor with them. The Dubbes said that Mark Lano told them the unit on his lot was manufactured in 1970 or 1971. Mr. Lano denied making that claim.

On the basis of the machine being a 1970 or 1971 model, the Dubbes bought the unit. Some months and some mechanical difficulties later, the Dubbes discovered the unit

was a 1966 model. They demanded rescission of the contract, but Lano Equipment refused.

The Dubbes sued for rescission on grounds of mutual mistake and fraud. The trial court directed a verdict for Lano Equipment on the issue of fraud. The question of mutual mistake went to the jury. Over the Dubbes' objections, the court included an instruction incorporating the concept of "conscious ignorance" as requested by Lano Equipment. The court gave the jury the following instructions regarding mutual mistake:

> Members of the jury, where parties enter into a contract while mutually mistaken concerning a basic assumption of fact on which the contract was made, and the mistake has a material effect on the agreed exchange, the contract is voidable by the parties adversely affected.

> If you find from the evidence that the parties at the time of the entering of the contract were mistaken as to the year of manufacture and subsequently found that that was a mistake, then the Dubbes have the right to avoid the contract.

> If you find that there was no mistake, or that they were ignorant of the facts, and the ignorance of the fact was not a mistake of fact, then you must answer that question no.

> One who acts, knowing that he does not know certain matters of fact, makes no mistake as to those matters. He is consciously ignorant, and thus has no state of mind at variance with the facts. Mistake of fact presupposes some knowledge thereof. Lack of knowledge or ignorance of a fact is not the same as mistake.

> Finally, a mistake as to the value of an item doesn't permit rescision of the contract or damages. As to the latter matter, if it's a bad deal, that's not mistake. Okay.

In response to a special interrogatory, the jury found the parties were not mutually mistaken regarding the year of manufacture of the Uni-System purchased. The court denied rescission of the purchase contract.

The Dubbes made post-trial motions for JNOV and new trial. These motions were denied. They appealed from the order denying the motion for a new trial and from the judgment entered in the case.

## ISSUES

1. Did the trial court err in directing a verdict for Lano on the issue of fraud?

2. Were the trial court's instructions to the jury regarding mutual mistake erroneous mandating a new trial?

## ANALYSIS

### A. Directed Verdict

■ When a motion for a directed verdict is made, "[I]f the evidence is sufficient to sustain a verdict for the opponent, the motion shall not be granted." Minn.R. Civ.P. 50.01. The original complaint referred only to fraud. It was not amended to refer to innocent misrepresentation or fraud by silence or concealment. The Dubbes failed to meet their burden of proof on the issue of fraud. The elements comprising fraud under Minnesota law are set out in *Hanson v. Ford Motor Co.*, 278 F.2d 586, 591 (8th Cir.1960), cited with approval in *Davis v. Re-Trac Mfg. Corp.*, 276 Minn. 116, 117, 149 N.W.2d 37, 38–39 (1967). Although Dubbes have argued they wanted to avoid a 1966 model Uni-System, there is no indication in the record that they informed Mark Lano of this fact. Evidence indicated the Dubbes bought the tractor without knowing the serial number of the unit. In fact, they discovered the number some months after purchase. The evidence does not show deception or misrepresenation.

### B. Jury Instructions

The crucial issue here related to the jury instructions. As a general rule, "a jury charge is sufficient if it fairly lays down the law of the case and conveys a clear and correct understanding of the law to the

jury." *Sandhofer v. Abbott Northwestern Hospital*, 283 N.W.2d 362, 367 (Minn.1979).

Here, the court instructed the jury in part as follows:

If you find that there was no mistake, or that they were ignorant of the facts, and the ignorance of the fact was not a mistake of fact, then you must answer that question no.

One who acts, knowing that he does not know certain matters of fact, makes no mistake as to those matters. He is consciously ignorant, and thus has no state of mind at variance with the facts. Mistake of fact presupposes some knowledge thereof. Lack of knowledge or ignorance of a fact is not the same as mistake.

The plaintiff objected to the giving of this instruction and assigned it as error in his post-trial motions.

The particular instruction involving "conscious ignorance" was taken from Dobb's Handbook on the Law of Remedies. Respondents rely on a single Minnesota case, *Grant v. Bibb*, 129 Minn. 312, 152 N.W. 728 (1915), as support for the proposition that the doctrine of "conscious ignorance" has been adopted in this state.

The *Grant* case is distinguishable on both the facts and the law, and can hardly be relied upon as persuasive authority. *Grant* dealt with a redemption sale and a single sentence of dicta in this opinion is relied upon by respondents. That sentence reads: "Ignorance of one put upon inquiry, due to his failure to inquire, is not a mistake." No claim of mistake of fact or law was raised in *Grant*.

Here, the objected to instructions were particularly confusing and misleading. A juror could hardly be expected to understand its meaning and apply that law to the facts.

The Minnesota Supreme Court has said, in a case where a rule of the Restatements was read to the jury:

We think the language used by the writers of the Restatement is not the kind which the average juror would be likely to understand. Trial judges especially must bear in mind that they are dealing with laymen when they are trying jury cases. Their language should be such as laymen understand.

*Thomsen v. Reibel*, 212 Minn. 83, 86, 2 N.W.2d 567, 569 (1942).

■ Even if we were to assume that the language used here was suitable for members of the legal profession, it was woefully unsuitable for jurors.

■ On remand, an instruction of the law of mutual mistake expressed in general terms comparable to the first two paragraphs given at the first trial would be consistent with prevailing Minnesota law:

Members of the jury, where parties enter into a contract while mutually mistaken concerning a basic assumption of fact on which the contract was made, and the mistake has a material effect on the agreed exchange, the contract is voidable by the parties adversely affected.

If you find from the evidence that the parties at the time of the entering of the contract were mistaken as to the year of manufacture and subsequently found that that was a mistake, then the Dubbes have the right to void the contract.

*See C.H. Young Co. v. Springer*, 113 Minn. 382, 129 N.W.2d 773 (1911), cited a number of times with approval since first published.

### DECISION

Affirmed as to the directed verdict on the issue of fraud, and reversed and remanded for new trial on the issue of mutual mistake.