442 P.2d 886

**Theodore J. TICKTIN and Eleanor C. Ticktin, his wife, Appellants,**

v.

**WESTERN SAVINGS AND LOAN ASSOCIATION, an Arizona corporation, successor to Home Savings and Loan Association, an Arizona corporation, Appellee.**

**No. 2 CA–CIV 426.**

Court of Appeals of Arizona.

June 19, 1968.

Rehearing Denied July 22, 1968.

Review Denied Sept. 26, 1968.

**64**

Green & Lurie, by Steven M. Friedman, Phoenix, for appellants.

Kramer, Roche, Burch, Streich & Cracchiolo, by Dan M. Durrant. Phoenix, for appellee.

KRUCKER, Judge.

On March 29, 1961 Superstition Mountain Enterprises, Inc., hereinafter called "SME", mortgaged the property which is the subject of this action to the Home Savings and Loan Association, hereinafter referred to as "Home", Home being the predecessor of the appellee Western Savings and Loan Association, hereinafter called "Western Savings". On September 20, 1962 SME entered into a contract to sell the property in question to Television City of Arizona, Inc., hereinafter referred to as "TCA". TCA made payments on the mortgage to Home until June 10, 1963, no payments being made thereafter by TCA or SME, and on September 9, 1963 Home filed an action to foreclose the mortgage of March 29, 1961. Notice of lis pendens was duly recorded that date.

In September, 1963 TCA and SME mutually agreed to rescind and cancel their earlier, contract of sale dated September 20, 1962 and both parties were released from the obligations thereunder. A promissory note dated September 13, 1963 was executed by SME evidencing its promise to repay TCA the deposit of $25,000. This note was secured by a mortgage reciting that it was *subject to the prior mortgage held by Home*. On the same date, TCA assigned said note and mortgage to the appellants Ticktin.

Home was awarded judgment in its foreclosure action on June 22, 1964 and an order of sale issued, Home purchasing the property on August 3, 1964 at the Sheriff's sale. The redemption period expired February 3, 1965 without redemption by either SME, TCA, or the appellant Ticktin and his wife.

In the Home foreclosure, SME was a party defendant and was served with process, but TCA was neither named as a party nor served with process.

Ticktin brought this present action to foreclose the mortgage of September 13, 1963 executed by SME to TCA and duly assigned to Ticktin. The case was submitted to the court on an agreed statement of facts.

On March 1, 1967 the court found in favor of the defendant and judgment was accordingly entered, and this appeal resulted.

The question presented for our determination is whether the assignees of a realty mortgage may prevail against a party who has previously foreclosed a prior realty mortgage on the same property after having duly recorded a notice of lis pendens. It must be noted that the assigned mortgage sought to be foreclosed was not executed or assigned until after the previous foreclosure action had been filed and lis pendens recorded. The assignees of the second mortgage, who were in possession of the property, failed to intervene in the previous foreclosure action.

Appellants rely heavily on Keck v. Brookfield, 2 Ariz.App. 424, 409 P.2d 583 (1965) wherein it was stated that:

"A purchaser of land in possession of one other than the holder of the record title is compelled to inquire of the possessor by what title he holds

possession, or he will be held to have taken subject to whatever rights a proper inquiry would disclose that the possessor had."

See also, Roy & Titcomb, Inc. v. Villa, 37 Ariz. 574, 296 P. 260 (1931), where it was held that a mortgagee had the responsibility to ascertain who had possession of the property before taking possession thereof.

Appellee relies upon the effect of the lis pendens statute, A.R.S. § 12–1191 and the fact that the mortgage, the subject matter of this action, came into existence after the commencement of the foreclosure action on the first mortgage dated March 29, 1961.

Appellee recognizes that the doctrine of lis pendens does not apply to persons who acquire their interest in the subject land of the suit *prior* to the commencement of the action and recording of lis pendens. However, it has been held that the lis pendens statute is prospective in its action and is notice to those who thereafter acquire an interest in the real property after the filing of lis pendens. See, Mack v. Augustine, 3 Ariz.App. 542, 416 P.2d 436 (1966). In the case before us, appellants did not have any interest in the realty prior to Home filing the foreclosure action and recording a lis pendens on September 9, 1963. Any interest that appellants had in the property came into existence *subsequent* to the foreclosure action by Western on its first mortgage and subsequent to the institution of the foreclosure of the Home prior mortgage.

In both *Roy & Titcomb* and *Keck,* the opinions vindicated the rights of parties whose interest in realty had been created *prior* to the purchase of property by the parties who were charged with notice of pre-existing interest.

Any interest of TCA in the property was cancelled and terminated by the agreement with SME September 13, 1963.

Appellants are attempting to take advantage of the fact that, not having been named a party in the "Home foreclosure action", they now become prior in right to Home and/or Western.

It is true that a junior lien holder should be named, but appellants' mortgage was not in existence at the time of the foreclosure action by Home. Appellants might have had a right of redemption, but they did not exercise said right, electing to wait until after the period of redemption had expired to file this foreclosure action against Western.

 A suit to foreclose a mortgage is an equitable action and he who seeks equity must do equity. Arizona Coffee Shops, Inc. v. Phoenix Downtown Parking Association, 95 Ariz. 98, 387 P.2d 801 (1963).

For the reasons stated herein, the judgment of the trial court is affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.