NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

TAILWIND PROPERTIES, L.L.C., *Plaintiff/Appellee*,

*v.*

WELLS FARGO BANK, N.A., *Defendant/Appellant*.

No. 1 CA-CV 19-0402

FILED 5-12-2020

Appeal from the Superior Court in Maricopa County
No. CV2017-096604
The Honorable Steven P. Lynch, Judge *Pro Tempore*

**VACATED; REMANDED**

COUNSEL

The Hendrix Law Office, P.L.L.C., Gilbert
By Heather M. Hendrix
*Counsel for Plaintiff/Appellee*

Wright, Finlay & Zak, LLP, Phoenix
By Joel F. Newell
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge David B. Gass joined.

---

**C R U Z**, Judge:

¶1        Wells Fargo Bank, N.A. ("Wells Fargo") appeals the superior court's denial of its motion to set aside a default judgment in favor of Tailwind Properties, L.L.C. ("Tailwind").  For the following reasons, we vacate the default judgment and remand for further proceedings.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        In 2001, Dave L. Winant ("Winant") purchased real property on East Wagoner Road in Phoenix.  In 2007, Winant obtained a $215,000 loan from Integrity Funding ("Integrity") and executed a corresponding note and a deed of trust securing Integrity's interest in the property. Integrity recorded the deed of trust.

¶3        At some point, Integrity purportedly sold the note and deed of trust to Wells Fargo.  Ocwen Loan Servicing ("Ocwen"), on behalf of Wells Fargo, obtained possession of the note, and on March 1, 2013, the servicing rights to the loan were transferred to Ocwen.  Ocwen then began sending mail related to servicing the loan to Winant at the property, and Winant started making payments to Ocwen.  Wells Fargo and Ocwen never obtained a written assignment of the deed of trust from Integrity nor recorded any instrument evidencing an interest in the property.

¶4        In 2017, Andrew Smith ("Smith") of Tailwind offered to buy the property from Winant and inquired if there were any loans on the property.  Winant advised Smith that there was a loan, and Smith told Winant that he "would take care of it."  Winant asked Smith if he needed the loan number or contact information for the servicer.  Smith replied that he "didn't need that information because it was a matter of public record."

¶5        On October 20, 2017, Winant conveyed his interest on the property to Tailwind.  Winant stopped making payments on the loan, and Ocwen continued to send mail to Winant at the property.  After purchasing the property, Tailwind obtained a litigation guarantee from a title company

showing that Integrity had a recorded interest in the property, namely the 2007 deed of trust.

¶6        On November 2, 2017, Tailwind filed a quiet title action against Integrity.  Tailwind also named all "unknown or unrecorded heirs, devisees, successor-in-interest, or assignees" of Integrity as defendants.  On the same day, Tailwind filed a *lis pendens* with the Maricopa County Recorder.  Tailwind attempted multiple times to serve process on Integrity, but service of process proved difficult because Integrity had dissolved in 2015.   Tailwind eventually served Integrity through the Arizona Corporation Commission.  Although Tailwind was aware of Integrity's inactive status at the time of service, Tailwind did not attempt to serve process by publication or any other means on unknown or unrecorded assignees of Integrity.

¶7        After no response to the quiet title complaint, Tailwind filed a notice and application for entry of default.  The superior court entered a default judgment on January 24, 2018, against Integrity and any unknown or unrecorded assignees.  Although the judgment lodged by Tailwind states that the unknown and unrecorded parties were served with process, no such service was ever effected.

¶8        Still unaware of Tailwind's quiet title action, and due to Winant's failure to meet the monthly loan payment obligation, the trustee under the deed of trust began foreclosure proceedings on behalf of Wells Fargo and Ocwen.  As a result of the foreclosure proceedings, on March 16, 2018, Ocwen discovered the *lis pendens* previously filed by Tailwind.  Wells Fargo then discovered the default judgment quieting title to the property, contacted Tailwind, and had informal settlement discussions from March to August 2018.  On June 25, 2018, Wells Fargo filed a motion to set aside the default judgment.  The court denied Wells Fargo's motion to set aside the default judgment pursuant to Arizona Rule of Civil Procedure ("Rule") 60(b).  Wells Fargo timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2).

**DISCUSSION**

¶9        Wells Fargo argues the superior court abused its discretion when it denied the motion to set aside the default judgment. Wells Fargo asserts its failure to answer the quiet title action, as an unknown or unrecorded successor-in-interest, was the direct result of Tailwind's rejection of the loan servicer information offered by Winant and its resulting failure to identify, name, serve, inform or notify Wells Fargo of

the action. Wells Fargo, therefore, argues it did not respond as a result of surprise or excusable neglect. *See* Ariz. R. Civ. P. 60(b)(1).

I.      Standard of Review

**¶10**          "At the outset we note that it is a highly desirable legal objective that cases be decided on their merits and that any doubts should be resolved in favor of the party seeking to set aside the default judgment." *Hirsch v. Nat'l Van Lines, Inc.*, 136 Ariz. 304, 308 (1983). Nonetheless, "[w]e view the facts in the light most favorable to upholding the trial court's ruling on a motion to set aside a default judgment." *Ezell v. Quon*, 224 Ariz. 532, 534, ¶ 2 (App. 2010). To be entitled to the relief it seeks, Wells Fargo must show: "1) that its failure to file a timely answer was excusable under one of the subdivisions of Rule 60[(b)], 2) that it acted promptly in seeking relief and 3) that it had a substantial and meritorious defense to the action." *Almarez v. Superior Court*, 146 Ariz. 189, 190 (App. 1985).

II.     Surprise or Excusable Neglect

**¶11**          Wells Fargo first argues its lack of notice of the sale from Winant to Tailwind, coupled with no knowledge of the pending quiet title action until Wells Fargo started to proceed with its non-judicial foreclosure rights against Winant, qualifies as "surprise" under Rule 60. Further, Wells Fargo argues its delayed filing was the result of "excusable neglect" because it was unaware of Tailwind's lawsuit to quiet title and the resulting default judgment.

**¶12**          The superior court may relieve a party from a final default judgment if it can show surprise or excusable neglect. Ariz. R. Civ. P. 60(b)(1). "The standard to be met in setting aside a default judgment, for mistake, inadvertence, surprise or excusable neglect, is whether the conduct causing the default might be the act of a reasonably prudent person under the same circumstances." *Ramada Inns, Inc. v. Lane & Bird Advert., Inc.*, 102 Ariz. 127, 129 (1967). In response to Wells Fargo's claim of surprise or excusable neglect, Tailwind claims Wells Fargo's failure to disclose the specific terms under which it became a successor-in-interest or holder of the note somehow relieved Tailwind of any duty to comply with notice of the action to unknown or unrecorded parties. But Tailwind's argument misses the point: the rule in Arizona is that the security interest follows the note, even absent an assignment. A.R.S. § 33-817; *In re Vasquez*, 228 Ariz. 357, 359-60, ¶ 8 (2011). Therefore, no assignment—recorded or otherwise—is needed for Wells Fargo to establish its legal interest in the subject property. Once established, Wells Fargo only needs to show that its delay in moving

to set aside the judgment was consistent with that of a reasonably prudent person under the circumstances.

¶13         Tailwind relies on the recorded *lis pendens* as sufficient notice of the proceedings to Wells Fargo. However, a *lis pendens* applies prospectively to give notice to prospective purchasers or lenders that litigation is underway which affects title to the real property. *Delo v. GMAC Mortg., L.L.C.*, 232 Ariz. 133, 136, ¶ 11 (App. 2013). A *lis pendens* is a "mere gesture" that does "not satisfy due process notice requirements." *Id.* at 138, ¶ 17 (quoting *Roberts v. Robert*, 215 Ariz. 176, 180, ¶ 19 (App. 2007)). Here, the *lis pendens* filed by Tailwind was recorded at least four and one-half years after Wells Fargo had acquired its interest in the property and was collecting regular monthly mortgage payments on the same. Recording of the *lis pendens* did not adequately notify or inform Wells Fargo of the pending quiet title action.

¶14         Wells Fargo's conduct in failing to answer Tailwind's complaint, which led to the default judgment, was consistent with the conduct of a reasonably prudent person without notice of the pending action. Tailwind's failure to conduct the required due diligence and give due notice to those with an unrecorded interest resulted in Wells Fargo's surprise and excuses Wells Fargo's own "neglect" in answering the lawsuit prior to entry of the default judgment.

III.    Wells Fargo Acted Promptly in Seeking Relief

¶15         Rule 60(c)(1) requires that a motion to set aside a default judgment "be made within a reasonable time [and] no more than 6 months after the entry of the judgment." Ariz. R. Civ. P. 60(c)(1). "What is a 'reasonable time' within which to make the motion must depend on the circumstances of the particular case." *Marquez v. Rapid Harvest Co.*, 99 Ariz. 363, 366 (1965) (quoting Ariz. R. Civ. P. 60). "Although the moving party is 'required to show good reason for his failure to take appropriate action sooner' and should offer 'some explanation of the delay in seeking relief,' 'where no intervening rights have attached in reliance upon the judgment, any doubt should be resolved in favor of securing a trial upon the merits.'" *Hilgeman v. Am. Mortg. Sec., Inc.*, 196 Ariz. 215, 220, ¶ 16 (App. 2000) (quoting *Marquez*, 99 Ariz. at 365-66).

¶16         Default judgment for Tailwind was filed on January 24, 2018. Wells Fargo claims it first learned of it sometime in March 2018, after Wells Fargo commenced foreclosure of the mortgage loan on February 28, 2018. Wells Fargo's undisputed position is that its June 25, 2018 motion to set

aside the default judgment was filed only after negotiations with Tailwind failed.

¶17 A review of the record reveals that from March to June 2018, lawyers for Wells Fargo and Tailwind consistently communicated to attempt to "come to a resolution acceptable to both sides without an expensive court fight with an undetermined outcome." At one point, Wells Fargo advised that it planned to file a motion to set aside, when Tailwind responded, "there is no reason for you needlessly to run up fees for your client . . . [t]he property isn't going anywhere." During this time, the parties extended multiple offers and counteroffers. The parties also sought an appraisal of the property, and Wells Fargo attempted to get an affidavit from Winant in support of its position that Tailwind failed to avail itself of information that would give constructive notice of Wells Fargo's interest. However, after multiple attempts to email and call Winant, Wells Fargo was unable to get any response from Winant. At that time, and after another failed offer, Wells Fargo advised that it would be filing a motion to set aside the judgment. In an attempt to still settle, Tailwind asked Wells Fargo "to hold off" on filing the motion. Wells Fargo subsequently filed its motion on the same day, June 25, 2018, three months after learning of the judgment.

¶18 We note that the court did not find that the time it took Wells Fargo to file its motion to set aside the judgment was unreasonable; it denied Wells Fargo's motion on other grounds. *See, e.g.*, *Hirsch*, 136 Ariz. at 309 (noting that because the defendant failed to establish excusable neglect, the court did not consider the timing and meritorious defense issues). Wells Fargo's motion was filed within six months of entry of the default judgment, as required by Rule 60(c)(1). In light of the strong policy that cases should not be decided by default, Wells Fargo's and Tailwind's attempts to settle all the way up to the day the motion was filed is "good reason" for the delay. *See Hilgeman*, 196 Ariz. at 220, ¶ 16. Wells Fargo also stands to be stripped of a lien of around $170,000, and nothing in the record reveals that Tailwind acted upon reliance on the judgment during the delay resulting in prejudice to itself. *See id.* at ¶ 17 (citing *Staefa Control-Sys., Inc. v. St. Paul Fire & Marine Ins. Co.*, 875 F. Supp. 656, 658 (N.D. Cal. 1994) (noting that "passage of time alone is not dispositive" and finding three-month delay reasonable considering prejudice to moving party and no prejudice to nonmoving party)); *see also Roll v. Janca*, 22 Ariz. App. 335, 338 (1974) (finding amount in controversy of $25,000 gave rise to a strong presumption of trial on the merits). Wells Fargo provided good reason for its decision not to file sooner, including Tailwind's requests that it not do so. When viewed in the light of long-standing authority that any doubt

should be resolved in favor of trial on the merits, Wells Fargo's three-month delay was not unreasonable.

IV.     Substantial and Meritorious Defense to the Action

**¶19**     The party challenging a default judgment must "set forth facts which, if proved at the trial, would constitute a meritorious defense." *Richas v. Superior Court*, 133 Ariz. 512, 517 (1982).  However, establishing a meritorious defense does not require that the moving party show that it will likely prevail at trial.  *Cline v. Ticor Title Ins. Co. of Cal.*, 154 Ariz. 343, 348 n.5 (App. 1987).   Winant's affidavit establishes he sold the property to Tailwind, Tailwind inquired and was advised of the pending mortgage loan on the property, and Tailwind refused Winant's offer for details regarding the loan and the identity of the loan servicer.  Ocwen's affidavit shows: it services the loan, holds the note on behalf of Wells Fargo, and the formal assignment of the deed of trust to Wells Fargo could not be obtained because Integrity was dissolved.  Because Arizona law does not require that a deed of trust be recorded to be valid, A.R.S. §§ 33-412(B), -817, and because "[o]ne is not a bona fide purchaser if he fails to avail himself of information within reach that, if pursued, would have revealed an adverse interest," *Hall v. World Sav. & Loan Ass'n*, 189 Ariz. 495, 501 (App. 1997), Wells Fargo has established a meritorious defense.  Therefore, the superior court abused its discretion in failing to set aside the default judgment.

**CONCLUSION**

**¶20**     For the foregoing reasons, we vacate the default judgment and remand the matter for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:   AA

7